M. STACEY PALMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Palmer v. Commissioner
Docket No. 13279-83.
United States Tax Court
T.C. Memo 1987-106; 1987 Tax Ct. Memo LEXIS 102; 53 T.C.M. (CCH) 229; T.C.M. (RIA) 87106; February 23, 1987. *102 P filed a Chapter 7 petition in bankruptcy. One of the assets included in the bankruptcy proceedings was a parcel of rental property owned by P and her then-husband (W). P and W paid the trustee in bankruptcy $9,000 in exchange for title to the property. Held, the exchange of $9,000 to the trustee in bankruptcy for title was a sale and therefore a nondeductible capital expenditure. Section 263, I.R.C. 1954. Held further, P is not entitled to a "sweat equity" deduction. Held further, P may not compute her depreciation deduction for the property according to her pre-bankruptcy basis. M. *103 Stacey Palmer, pro se. Gilbert T. Gembacz, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioner's income tax for the 1980 taxable year in the amount of $8,510. After concessions, the issues for decision in this case are: (1) whether petitioner is entitled to a deduction for a "repossession expense" or "cost of clearing title" for her purchase of real property from the trustee of the bankruptcy estate; (2) whether the purchase price of the property from the bankruptcy estate constitutes petitioner's basis in the property for purposes of depreciation; and (3) whether petitioner is entitled to a "sweat equity" deduction. FINDINGS OF FACT The facts in this case have been stipulated in full. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner was a resident of El Segundo, California, at the time the petition in this case was filed. In 1980 petitioner and William T. Palmer (hereinafter referred to as William), her husband at the time of the bankruptcy proceedings, filed a Chapter 7 petition in bankruptcy. One of their assets included *104 in the bankruptcy proceedings was a parcel of rental property owned by petitioner and William and located in El Segundo, California. Pursuant to an order by the bankruptcy court, the El Segundo property was offered for sale by the trustee in bankruptcy. The only bid received was $9,000, offered by petitioner and William. The property was transferred to them by the bankruptcy trustee via quit claim deed. OPINION The "Repossession Expense" and Depreciation Deductions
On her 1980 income tax return, petitioner deducted the $9,000 paid to the trustee for the El Segundo property as a "repossession expense." Petitioner also deducted $667 for depreciation of the El Segundo property, based upon her pre-bankruptcy basis in that property. Petitioner contends that the exchange of $9,000 to the trustee in bankruptcy for repossession of the property did not constitute a sale. Petitioner misunderstands the effect of the bankruptcy proceeding on the property in question. The commencement of a bankruptcy proceeding creates an estate comprised of all the debtor's property. All the debtor's interests in property, legal or equitable, become part of the bankruptcy estate. 11 U.S.C. sec. 541 *105 (1978). Once the estate is created, no interests in property of the estate remain in the debtor. See Notes of Committee on the Judiciary, S. Rept. 95-989 (1978). Instead, title to the debtor's property vests in the estate. See 4 W. Collier, Collier on Bankruptcy, par. 541.01 (15th ed. 1986). Although title vests in the estate rather than the trustee, the trustee is given full authority to represent the estate and dispose of all property comprising the estate. 11 U.S.C. secs. 323(a) and 363(b) (1978). When petitioner and William filed their bankruptcy petition, title to the El Segundo property vested in the bankruptcy estate. All their prior interest in the property was extinguished by the bankruptcy proceeding. The property was then sold to them for $9,000. The $9,000 invested in the El Segundo property was a capital expenditure and therefore nondeductible under section 263. [1]Section 1.263(a)-1(a), Income Tax Regs.
In her brief, petitioner explains *106 that she mislabeled the $9,000 expense as a "repossession expense" and requests this Court to view it as a "cost of clearing title." Either label is a mischaracterization. The payment to the bankruptcy trustee was neither a repossession expense nor a cost of clearing title, but the cost of acquiring title and therefore, nondeductible. Petitioner also miscalculated her basis in the El Segundo property for the purpose of the depreciation deduction on her 1980 income tax return. As a result of the bankruptcy petition, title to the property passed to the estate. Petitioner and William then paid $9,000 for the property. Accordingly, their basis in the property is $9,000, the amount they paid. Section 1012. The "Sweat Equity" Deduction
Petitioner maintains that she was entitled to a "sweat equity" deduction in 1980 for the labor she had invested in a hydroponic greenhouse operation that ceased doing business for lack of funds in 1980. Petitioner discusses this concept in her trial memorandum and contends that personal efforts contributed to a business should be recognized and assigned a monetary value in computing a loss basis in property. This item was not claimed on petitioner's *107 return for the 1980 taxable year, and the concept itself is not supported by any provisions of the Internal Revenue Code. It is well settled that tax credits and deductions are matters of legislative grace. Deputy v. Dupont,308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Hokanson v. Commissioner,730 F.2d 1245, 1250 (9th Cir. 1984); Rickard v. Commissioner, 88 T.C.     (filed January 21, 1987) (slip opinion at 14). Accordingly, petitioner may not claim a "sweat equity" deduction. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩